IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

# FILED

JUN 0 5 2008

BARBARA DUNN, CIRCUIT CLERK
BY_____ D.C.

**THOMAS E. POPE and CHRISTINE POPE**                                **PLAINTIFFS**

**VS.**

CIVIL ACTION NO. 251-08-439-CIV

**FREEDOM MORTGAGE CORPORATION, INC.,**
**STAGGS MANAGEMENT GROUP, LLC,**
**ALLSOUTH APPRAISAL, INC., KENNY GREGG,**
**CHARLES F. PAYNE, INDYMAC BANCORP, INC.,**
**SPECIALIZED LOAN SERVICING, LLC,**
**HOMECOMINGS FINANCIAL, LLC,**
**CITIMORTGAGE, INC., AND JOHN DOES 1-5**                                **DEFENDANTS**

## COMPLAINT
### (Jury Trial Demanded)

Plaintiffs, Thomas E. Pope and Christine Pope (hereinafter "Popes"), individual residents of

the State of California, by and through counsel, file this their Complaint for damages against

Defendants, Freedom Mortgage Corporation, Inc., a New Jersey corporation (hereinafter "Freedom

Mortgage"), Staggs Management Group, LLC, a Utah limited liability company (hereinafter "Staggs

Management"), AllSouth Appraisal, Inc., a Mississippi corporation (hereinafter "AllSouth"), Kenny

Gregg (hereinafter "Kenny Gregg"), Charles F. Payne (hereinafter "Charles Payne"), Indymac

Bancorp, Inc., a Delaware corporation (hereinafter "Indymac"), Specialized Loan Servicing, LLC,

a Delaware limited liability company (hereinafter "Specialized Loan"), Homecomings Financial,

LLC, a Delaware limited liability company (hereinafter "Homecomings Financial"), and

Citimortgage, Inc., a New York corporation (hereinafter "Citimortgage"), in support thereof would

show as follows:



EXHIBIT
"B"

1

## PARTIES

1.     Plaintiffs, Thomas E. Pope and Christine Pope are individual residents of the State of California who own real property in the First Judicial District of Hinds County, Mississippi located at 3151 and 3155 Booker Street, Jackson, MS 39209.

2.     Defendant Freedom Mortgage, upon information and belief, is a New Jersey corporation authorized to do and doing business in Mississippi and can be served with process in this matter by serving its registered agent for service of process, CT Corporation System, at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232, or as otherwise provided by law.

3.     Defendant Staggs Management, upon information and belief is a Utah limited liability company and can be served with process in this matter by serving its registered agent for service of process, John E. Wootton, Esq., at 11576 South State Street, Suite #101-B, Draper, UT 84020, or at 147 West Election Road, Suite #200, Draper, UT 84020, or at 13684 S. Vestry, Draper, UT  84020, or as otherwise provided by law.

4.     Defendant AllSouth is a Mississippi corporation doing business in Mississippi and can be served with process in this matter by serving its registered agent for service of process, Charles F. Payne, at 1018 Arlington Street, Jackson, MS  39202, or at 1510 North State Street, Suite 300, Jackson, MS 39202, or as otherwise provided by law.

5.     Defendant Kenny Gregg, upon information and belief is an adult resident citizen of the State of California, and is or was an agent and/or employee of Defendant Freedom Mortgage d/b/a Freedom Home Mortgage Corporation in California, and is or was an agent and/or employee of Staggs Management, and who may be found and/or served with process at

2

8313 Almadine Drive, Sacramento, CA 95829, or at 9870 Research Drive, Irvine, CA 92618, or wherever he may be found.

6.      Defendant Charles Payne is an adult resident citizen of the State of Mississippi, and is an officer, director, and/or owner of Defendant AllSouth.  He may be found and/or served with process at 1510 North State Street, Suite 300, Jackson, MS 39202, or at 1018 Arlington Street, Jackson, MS 39202, or wherever he may be found.

7.      Defendant Indymac Bancorp, Inc., is a Delaware corporation doing business in the State of Mississippi, and may be served with process upon its registered agent, The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, Delaware, 19808.

8.      Defendant Specialized Loan Servicing, LLC is a Delaware limited liability company doing business in the State of Mississippi, and may be served with process upon its registered agent, Capital Corporate Services, Inc., 840 Trustmark Building, 248 East Capital Street, Jackson, MS 39201.

9.      Defendant Homecomings Financial, LLC is a Delaware limited liability company doing business in the State of Mississippi, and may be served with process upon its registered agent, Corporation Service Company, 506 South President Street, Jackson, MS 39201.

10.     Defendant Citimortgage, Inc., is a New York corporation doing business in the State of Mississippi, and may be served with process upon its registered agent, C. T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39201.

11.     Defendant John Does 1-5 are unknown parties interested in the subject matter of the action and will be added by amendment and notice when discovered and/or known pursuant to M.R.C.P. 9 (h) and/or (i).

## JURISDICTION & VENUE

12.     Jurisdiction and venue are proper in the Circuit Court of Hinds County,

Mississippi, First Judicial District pursuant to Mississippi Code Ann. §11-11-3, et seq. (1972, as

amended) and § 13-3-57 (1972, as amended) because the cause of action which is the subject of

this lawsuit occurred and/or accrued in whole or in part in Hinds County, Mississippi, the parties

have engaged in activities related to the sale, purchase and/or security interest of real property

located in Hinds County, Mississippi, the parties entered into a contract or series of contracts to

be performed in whole or in part in Mississippi and/or the parties hereto engaged in business in

Mississippi such that they are subject to service of process.

## ALLEGATIONS AS TO ALL COUNTS

13.     Thomas E. Pope and Christine Pope allege that Defendants entered into a "Fraud

for Profit Mortgage Scheme" whereby several parties conspired to fraudulently induce them to

purchase two (2) Fourplexes located at 3151 and 3155 Booker Street, Jackson, Mississippi 39209

(hereinafter "Properties"), located in Jackson, Mississippi through the use of a sophisticated

network of real estate brokers, lenders, and appraisers.

14.     On or around February 1, 2006, Tom and Christine Pope enrolled in a Real Estate

Investing Program administered by Prosper Learning.  Prosper Learning is an educational

institution based in Utah that offers classes/mentoring to teach students how to invest in real

estate.  During the program, Prosper Learning referred the Popes to Kenny Gregg of Staggs

Management and shortly thereafter was contacted by Kenny Gregg.  It was represented and

agreed that Kenny Gregg would be the Pope's sole agent and representative with respect to the

purchase of any properties.  On or around August 8, 2006, Defendant Kenny Gregg and/or Staggs

4

Management entered into a contract with the Popes and presented them with an investment opportunity to purchase the Properties. Kenny Gregg and/or Staggs Management stated that they would give the Popes the first right of refusal since they were new to Staggs Management and Kenny Gregg wanted them to be successful on their first purchase. After presenting the Popes with the investment opportunity, Kenny Gregg and/or Staggs Management told the Popes that Kenny Gregg would be the single point of contact for this as well as all future transactions and this would eliminate any middle man and extra expenses. Kenny Gregg also stated he would be in charge of making all of the financing arrangements and coordinating the closing.

15.    Kenny Gregg is or was an employee of Freedom Mortgage Corporation.

16    Kenny Gregg is or was also an employee of Staggs Management Group, a/k/a as Staggs Financial Group, Inc., Staggs Consulting, and Staggs Property Management Group.

17.    Kenny Gregg held himself out only as an employee of Staggs Management and failed to disclose any relationship between himself and Defendant Freedom Mortgage.

18.    Kenny Gregg prepared the contracts for the sale of the Properties, prepared and completed the Uniform Residential Loan Application, ordered the appraisals, property inspections, arranged for financing and coordinated the closing for the Popes.

19.    Essentially, the Defendants conspired to over-appraise and thus wrongfully inflate the value of the Properties by procuring and utilizing the fraudulently inflated appraisals.

20.    In addition to using fraudulently inflated appraisals, the Defendants made numerous intentional and material misrepresentations, false statements, and concealed material facts for the sole purpose of inducing the Popes into purchasing the Properties.

21.    Further, Defendants received significant undisclosed compensation and failed to make the required fee disclosures to the Popes.

22.     These undisclosed fee and compensation arrangements created serious conflicts of interest that prevented the Popes from learning the true nature of the transaction.

## COUNT I
### VIOLATION OF THE MISSISSIPPI MORTGAGE CONSUMER PROTECTION LAW
### (Against Staggs Management, Freedom Mortgage and Kenny Gregg)

23.     Plaintiffs re-assert and re-allege each and every allegation contained in the preceding paragraphs.

24.     Defendants Freedom Mortgage, Staggs Management and Kenny Gregg violated Miss. Code Ann. § 81-18-27 (1972, as amended) in one or more of the following ways:

(a)     These Defendants violated Miss. Code Ann. § 81-18-27 (1)(a) and (b) when they intentionally failed to disclose that Kenny Gregg was an employee of both Defendants Freedom Mortgage and Staggs Management.  In fact, Kenny Gregg represented at all times relevant to the transaction that he was only an employee of Staggs Management and his role would be to help the Popes locate an investment property and present them with financing options.  Kenny Gregg also failed to disclose that he was an owner and/or officer of Superior Marketing Concepts, Inc. Kenny Gregg intentionally misrepresented to the Popes via numerous e-mails and telephone conversations that the Properties were located in a stable area of Jackson and property values were expected to increase between 5-10% when he knew said Properties were in fact located in areas with extremely high crime rates and drug problems.  Further, Kenny Gregg fraudulently represented that the tenants in the Properties before closing were current with all rental obligations and there was a real likelihood to raise rents in the near future.  Kenny Gregg did this

6

with the intention of defrauding the Popes and knowing his actions would be relied upon by the Popes to their detriment.

(b)    These Defendants violated Miss. Code Ann. § 81-18-27(1)(b) when they knowingly used the above misstatements, misrepresentations, and omissions with the intent to defraud the Popes and to facilitate their acceptance of the terms of the contract to purchase the Properties.

(c)    These Defendants violated Miss. Code Ann. § 81-18-27(k) when they received undisclosed compensation in the amount of $23,000.00 labeled as consulting fees when the Pope's loan closed.  Kenny Gregg additionally received undisclosed compensation in the amount of $990.00 from his corporation Superior Marketing Concepts, Inc., when the Pope's loan closed.

25.    As a result of their acts and/or omissions, the Popes suffered damages, the exact amount to be shown at the trial of this cause.

## COUNT II
## VIOLATION OF REAL ESTATE BROKERS LICENSE LAW OF 1954
### (Against Staggs Management and Kenny Gregg)

26.    Plaintiffs re-assert and re-allege each and every allegation contained in the preceding paragraphs.

27.    Defendant Staggs Management and Kenny Gregg are not licensed real estate brokers as defined in Miss. Code Ann. § 73-35-1, and, as such, acted in violation of this statute to the detriment of the Popes.

28.    Staggs Management received a Twenty-three Thousand and No/Dollars ($23,000.00) commission for the Pope's closing despite not being a licensed real estate broker in the State of Mississippi as required by Miss Code Ann. § 73-35-3.

29.     The Popes suffered damages as a result of the violations of Miss. Code Ann. § 73-35-1 and § 73-35-3 by Staggs Management, the exact amount to be shown at the trial of this cause.

## COUNT III
## BREACH OF CONTRACT
### (Against Staggs Management and Kenny Gregg)

30.     Plaintiffs re-assert and re-allege each and every allegation contained in the preceding paragraphs.

31.     Kenny Gregg and/or Staggs Management breached the contract in one or more of the following ways:

(a)     Kenny Gregg/and or Staggs Management prepared and submitted two (2) real estate contracts for the Popes to sign, and later, in an act of fraud and deception, substituted the signatory page of the first real estate contract signed by the Popes on August 15, 2006, with another contract that had a different Seller and Closing Attorney than the one they initially signed.  A copy of said contracts are attached hereto as Exhibit "A" and made a part hereof by reference.

(b)     Kenny Gregg and/or Staggs Management communicated via e-mail and over the telephone that they represented only the Pope's interests in the purchase of the Properties despite the fact they had no intention of protecting the Pope's interests.

(c)     Kenny Gregg and/or Staggs Management as part of their contract with the Popes said they would make every effort to secure financing for the Pope's Properties on the most favorable terms possible, when in fact they never attempted to secure financing from any other lender other than the Defendant Freedom Mortgage.

8

(d)     By engaging in self-dealing by failing to disclose the material benefits and compensation each would receive for brokering the loan.

32.     As a direct and proximate result of such breach of contract by Kenny Gregg and Staggs Management, Plaintiffs have suffered actual damages and losses, the exact amount to be shown at trial.

## COUNT IV
## BREACH OF THE IMPLIED COVENANT OF
## GOOD FAITH AND FAIR DEALING
### (Against Staggs Management and Kenny Gregg)

33.     Plaintiffs re-assert and re-allege each and every allegation contained in the preceding paragraphs.

34.     The law implies a covenant of good faith and fair dealing into every contract. This implied covenant imposes upon each party to a contract the duty to do nothing destructive of the other party's right to enjoy the fruits of the contract and to do everything that the contract presupposes they will do to accomplish its purposes.

35.     Kenny Gregg and Staggs Management breached the implied covenant by failing to disclose that Kenny Gregg was both an employee of Staggs Management as well as Freedom Mortgage and that Gregg would receive significant compensation as a result of originating the Pope's loans through Freedom Mortgage.  These Defendants also altered the property contract the Pope's executed.

36.     As a result of these Defendants' actions in this regard, the Plaintiffs have been damaged, the exact amount to be shown at trial.

9

## COUNT V
## BREACH OF FIDUCIARY DUTY
**(Against Freedom Mortgage, Staggs Management, and Kenny Gregg)**

37.     Plaintiffs re-assert and re-allege each and every allegation contained in the preceding paragraphs.

38.     Kenny Gregg acting in his capacity as a mortgage loan broker, originating loans for or on the behalf of Defendant Freedom Mortgage and Staggs Management owed the Popes a fiduciary duty of the highest good faith by making a full disclosure of all material facts concerning the loan transactions.

39.     Further, in providing/originating loans to the Popes, Freedom Mortgage, Kenny Gregg and Staggs Management had the following fiduciary duties and/or obligations:

(a)     to ascertain and follow the Pope's wishes regarding the making of the loan for the Properties;

(b)     to obtain or procure mortgages for the Popes on the best terms available;

(c)      to provide the Popes with a written document describing the services and agreements between them;

(d)     to inform the Popes of the cost of its services;

(e)     to explain to the Popes the costs of its services;

(f)     to disclose options, costs, and risks of loans available to the Popes; and

(g)     to make only truthful representations based on actual knowledge regarding the services of the lender it obtained for the Popes.

40.     The HUD-1 Settlement Statement attached hereto as Exhibit "B" and made a part hereof reflects that Twenty-three Thousand and No/Dollars ($23,000.00) was paid to Staggs Management in the form of "Consulting Fees". Nine Hundred Ninety and No/Dollars ($990.00)

was paid to Superior Marketing Concepts, Inc.  Twenty-nine Thousand Nine Hundred and No/Dollars ($29,900.00) was paid to Blaise Property Investments, LLC.

      41.    Freedom Mortgage, Staggs Management, and/or Kenny Gregg individually and/or collectively, breached their duties to the Popes by acting in their own interests in the following manner:

      (a)    by charging fees which were neither bona fide nor reasonable;

      (b)    by failing to make any of the above required disclosures as well as disclose alternative, less costly loan options;

      (c)    by failing to comply with the disclosure requirements of the State of Mississippi and federal law;

      (d)    by failing to disclose or explain the $23,000.00 "Consulting Fee" paid to Staggs Management at closing.  Kenny Gregg at no time indicated he would be paid a "Consulting Fee" for his services, nor did he disclose he was also an employee of Freedom Mortgage and would receive compensation from them as well;

      (e)    by failing to disclose or explain the $990.00 fee paid to Superior Marketing Concepts, Inc., prior to closing, or that Kenny Gregg owned or controlled said Corporation; and

      (f)    by failing to disclose or explain the $29,000.00 payment to Blaise Property Investments, LLC, prior to closing.  In fact, the payment to Blaise Property Investments, LLC is highly suspect, especially given the fact that title work revealed no liens secured by said LLC.

      42.    Freedom Mortgage, Staggs Management, and/or Kenny Gregg breached their fiduciary duty owed to the Popes as stated above by providing false information, and failing to

11

disclose or verify material information to the Popes.  None of the above fees, commissions or payments were disclosed to the Popes prior to closing on the Properties.

43.     All of the above undisclosed fees, commissions, and payments represented disguised compensation that prevented the Popes from learning the true cost of the purchase of the Properties.

44.     The Popes suffered damages as a result of the actions and breach of the respective fiduciary duties owed the Popes by Freedom Mortgage, Staggs Management, and/or Kenny Gregg, the exact amount to be shown at trial.

**COUNT VI**
**FRAUDULENT MISREPRESENTATION**
**(Against Kenny Gregg and Staggs Management)**

45.     Plaintiffs re-assert and re-allege each and every allegation contained in the preceding paragraphs.

46.     Kenny Gregg failed to disclose that his other employer Staggs Management would receive compensation in the amount of $23,000.00 in consulting fees when the Pope's loan closed and that he had a vested interest in making sure it closed no matter how bad the deal.

47.     Kenny Gregg failed to disclose that he was an owner and/or officer and/or agent of Superior Marketing Concepts, Inc., and that he or this corporation would receive compensation in the amount of $990.00 when the Pope's loan closed.

48.     Kenny Gregg at all times represented to the Popes that he was only an employee of Staggs Management and would be the Pope's exclusive agent with respect to the purchase of the Properties.

49.     Kenny Gregg acted in a fraudulent manner and concealed material information from the Popes to prevent the Popes from learning the true market value and condition of the

Properties, and acted to fraudulently conceal the fact he was also an employee of Freedom Mortgage.

50.     Kenny Gregg represented to the Popes that the Properties were located in a stable area of Jackson and property values were expected to increase between 5-10% and would at the same time provide excellent cash flow.  However, Kenny Gregg knew that said Properties were in fact located in a blighted area.

51.     Kenny Gregg fraudulently represented that the tenants in the Properties were current with all rental obligations.

52.     The Popes relied to their detriment on each of the above material misrepresentations.

53.     As a direct and proximate result of such fraudulent representations by Kenny Gregg and/or Staggs Management, the Popes suffered actual damages and losses, the exact amount to be shown at trial.

### COUNT VII
### FRAUDULENT AND/OR NEGLIGENT CONCEALMENT
#### (Against Kenny Gregg and Charles Payne)

54.     Plaintiffs re-assert and re-allege each and every allegation contained in the preceding paragraphs.

55.     The relationship between the Popes, Kenny Gregg and Charles Payne rested upon the trust and confidence between the parties necessitated by the type of business in which they were engaging.  The Popes placed confidence and trust in Kenny Gregg's and Charles Payne's honesty, integrity, and ability to skillfully and professionally perform the services requested. Moreover, Kenny Gregg and Charles Payne had superior knowledge of the subject Properties, the local real estate market, and the true market value of the Properties.

56.     Kenny Gregg and Charles Payne made fraudulent and/or negligent representations and concealed material facts in the loan packages, the appraisals, and in other communications with the Popes.  Specifically, the loan applications and the appraisals omitted and/or misrepresented the true market value of the subject Properties, the location and accurate and appropriate comparable values.

57.     Kenny Gregg's and/or Charles Payne's concealment of material facts and other omissions were intended to induce the Popes to purchase the Properties.  The Pope's decision to purchase the Properties was based on their belief that the information in the loan packages and appraisals provided by Kenny Gregg and Charles Payne was accurate and that no material information had been omitted.  Had the Popes known the information and material facts that were omitted from the loan packages and appraisals by Kenny Gregg and Charles Payne, they would not have purchased the Properties.

58.     As a result, the Popes suffered damages as a direct and proximate result of Kenny Gregg's and Charles Payne's acts and/or omissions, the exact amount to be shown at the trial of this cause.

## COUNT VIII
## NEGLIGENT MISREPRESENTATION
### (Against Kenny Gregg, and Charles Payne)

59.     Plaintiffs re-assert and re-allege each and every allegation contained in the preceding paragraphs.

60.     In the course of conducting business, Kenny Gregg and Charles Payne provided incorrect information to the Popes or withheld material information relevant to the Properties. Kenny Gregg and Charles Payne did so to directly or indirectly influence the Popes into purchasing said Properties.

61.     Kenny Gregg failed to exercise reasonable care in obtaining and communicating the true market value of the subject Properties to the Popes.

62.     Kenny Gregg knew or should have known that it was foreseeable that the Popes would rely on his expertise in the mortgage industry in deciding whether to purchase the Properties.

63.     Charles Payne failed to exercise reasonable care in obtaining and communicating the true market value of the subject Properties.

64.     Charles Payne knew or should have known that it was foreseeable that the Popes would rely on his expertise in appraising the market value of the Properties.

65.     As a result of Kenny Gregg's and Charles Payne's negligence and failure to exercise reasonable care, false information was obtained and communicated to the Popes regarding the true market value and condition of the Properties.

66.     Kenny Gregg and Charles Payne knew that the Popes would rely on the information they supplied.  The Popes did rely on the false information.

67.     The Popes suffered damages as a direct and proximate result of their negligence, the exact amount to be shown at the trial of this cause.

**COUNT IX**
**NEGLIGENCE**
**(Against Kenny Gregg, Staggs Management, Freedom Mortgage and Charles Payne)**

68.     Plaintiffs re-assert and re-allege each and every allegation contained in the preceding paragraphs.

69.     In the course of conducting business, Defendants Kenny Gregg, Staggs Management, Freedom Mortgage and Charles Payne owed the Popes a duty to exercise reasonable care when performing their respective functions and roles in relation to the subject

transaction.  Specifically, each was required to exercise the requisite degree of learning, skill, and ability of others in the same profession.

70.     Charles Payne knew or should have known the Popes would rely on his appraisals in making their decision on whether to purchase the Properties.  The Popes were foreseeable third-party beneficiaries of said appraisals, such that Charles Payne owed the Popes a duty to perform the appraisals for the subject Properties exercising the requisite degree of learning, skill, and ability typically found in the appraisal business.

71.     Charles Payne's inappropriate selection of comparables, and lack of analysis of previous sales, resulted in an inflated value for the subject Properties.

72.     Charles Payne knew the contract sales price of the Properties before conducting his appraisal, and relied heavily on the contract price in determining the value of the Properties.

73.     Kenny Gregg's and Charles Payne's acts and omissions fell below the applicable standard of care for individuals within their respective professions when they provided the Popes with false and incorrect information, and when they concealed or failed to provide material information which was instrumental to the Pope's decision of whether to purchase the Properties.

74.     Staggs Management, Freedom Mortgage and/or Kenny Gregg breached their duty to the Popes by hiring and relying on an appraiser, Charles Payne, who they knew or should have known would fail to appraise the Properties accurately.

75.     Staggs Management, Freedom Mortgage, Kenny Gregg and/or Charles Payne breached their professional duties and obligations to the Popes when they each failed to use the ordinary care and skill that should have been used by a licensed real estate broker/agent/lender and/or appraiser to properly and accurately market, sale, appraise and finance the Properties.

76.     Plaintiffs relied on these Defendants as stated herein and suffered damages as a

16

result of their individual and/or collective breach of their professional duties, the exact amount to be shown at the trial of this cause.

**COUNT X**
**NEGLIGENT SUPERVISION**
**(Against Freedom Mortgage and Staggs Management)**

77.     Plaintiffs re-assert and re-allege each and every allegation contained in the preceding paragraphs.

78.     Defendant Kenny Gregg was at all times an employee of both Freedom Mortgage and Staggs Management.

79.     Freedom Mortgage and Staggs Management each had a duty to supervise and control their employee Kenny Gregg in a reasonable manner.

80.     Freedom Mortgage and Staggs Management failed to supervise and control employee Kenny Gregg in such a manner in breach of their duties.

81.     As a result, the Popes suffered damages as a direct and proximate result of Freedom Mortgage's and Staggs Management's negligent supervision of their employee Kenny Gregg, the exact amount to be shown at the trial of this cause.

**COUNT XI**
**CIVIL CONSPIRACY**
**(Against Kenny Gregg, Staggs Management, Freedom Mortgage, and Charles Payne)**

82.     Plaintiffs re-assert and re-allege each and every allegation contained in the preceding paragraphs.

83.     As described above, the facts establish that Defendants Kenny Gregg, Staggs Management, Freedom Mortgage, and Charles Payne entered into agreements and understandings to act unlawfully or use an unlawful means to provide false information and to fail to disclose material facts related to the fraudulently originated loans to the Popes.

84.     The subject Defendants conspired with the objective of deceiving and defrauding the Popes for monetary gain.  There was a meeting of the minds among the Defendants concerning how to achieve their fraudulent goals and the role each individual needed to play in order to effectuate the mortgage fraud scheme.

85.     Each of the subject Defendants committed at least one act in furtherance of the conspiracy, including, but not limited to, providing false information, making misrepresentations, and withholding and concealing material facts and information from the Popes.

86.     As a result of this conspiracy, the Popes suffered damages when they later discovered the Properties they purchased were in significantly worse condition than represented, as well as worth considerably less than what they paid for the Properties.  Because of this conspiracy, the Popes own two (2) Fourplexes that are completely vacant and have been vandalized due to the vacancies causing further deterioration in value, all damages flowing from the Defendants' fraud.  The exact amount of damages will be shown at trial.

## COUNT XII
## CORPORATE VEIL PIERCING

87.     Plaintiffs re-assert and re-allege each and every allegation contained in the preceding paragraphs.

88.     Staggs Management is a sham entity and is believed to be under-capitalized and operates as the alter ego of its officers, directors, and shareholders.

89.     AllSouth Appraisal, Inc., is a sham entity and is believed to be under-capitalized and operates as the alter ego of its owner Charles Payne.  Said entity was administratively dissolved on May 1, 2007.

90.     The Popes sustained damages as a direct result of the actions of Kenny Gregg,

18

Charles Payne, and Staggs Management.

91.     The corporate forms of the entities known as Staggs Management Group, LLC, and AllSouth Appraisals, Inc., should be disregarded and each of the Defendants' officers, directors, shareholders, members, and employees should be personally and individually liable to the Popes for all claims for damages asserted in this action.

**COUNT XIII**
**UNJUST ENRICHMENT**
**(Against Kenny Gregg, Staggs Management, Freedom Mortgage,**
**Charles Payne and AllSouth Appraisal, Inc.)**

92.     Plaintiffs re-assert and re-allege each and every allegation contained in the preceding paragraphs.

93.     The Popes conferred a benefit upon the Defendants in the form of commissions, fees, unknown charges and expenses, and increased business when they executed the HUD-1 Settlement Statements.

94.     Because the benefits conferred upon Defendants resulted from Defendants' fraudulent actions in violation of federal, state, and common law, it would be unjust to allow Defendants to retain the benefit conferred upon them by the Popes, and said benefit should be returned to the Popes, the exact amount to be shown at trial.

**COUNT XIV**
**DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**
**(Against Indymac, Specialized Loan, Homecomings Financial, and Citimortgage)**

95.     Plaintiffs re-assert and re-allege each and every allegation contained in the preceding paragraphs.

96.     The above mentioned named assignees and subsequent mortgage holders of the original mortgages are named as Defendants for purposes of ascertaining their rights against

Plaintiffs. Due to the invalidity and/or illegality of the original mortgages, copies of which are attached hereto as Exhibits "C" and "D" (copies of Deeds of Trust and Promissory Notes), for reasons set forth herein, any rights deemed to be held by subsequent and/or current mortgage holders are invalid and should be so declared by this Court.

97.     Due to the invalidity and/or illegality of the original mortgages, the Popes are entitled to injunctive and/or declaratory relief to enjoin any of the Defendants named in this action from reporting any adverse and/or negative information to any credit reporting agency pending resolution of this matter.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs petition the Court to enter a judgment in their favor and against the Defendants, individually and/or collectively, jointly and/or severally, as follows:

1.     For judgment in favor of the Popes and against the Defendants in the amount of not less than Five Hundred Thousand and No/Dollars ($500,000.00), representing the repurchase of the Properties and reimbursement of all costs, fees, interest, and finance charges incurred as a result of the purchases, along with costs and reasonable attorneys fees incurred in prosecuting this action.

2.     For a Declaratory Judgment in favor of the Popes and against all the Defendants declaring the current mortgages with Indymac, Specialized Loan, Homecomings Financial, Citimortgage, null and void and ordering said Defendants to disgorge an amount equal to the funds and benefits obtained illegally as a result of the violations alleged.

3.     For an injunction and/or declaratory judgment to enjoin all of the named Defendants from reporting any adverse and/or negative information to any credit reporting agency pending resolution of this matter.

4.      For judgment in favor of the Popes and against the Defendants in an amount that would fully compensate the Popes for all losses resulting from Defendants' conduct.

5.      For judgment in favor of the Popes and against Defendants for prejudgment interest and postjudgment interest.

6.      For judgment in favor of the Popes and against the applicable Defendants for punitive damages in an amount that would punish Defendants for the willful, wanton, and reckless misconduct alleged in this Complaint and that would effectively deter Defendants from future unlawful behavior.

7.      For such other and further relief as the Court determines to be just and proper, including all costs of this action and an award of attorneys' fees and expenses.

Respectfully submitted, this the 5th day of June, 2008.

Thomas E. Pope and Christine Pope

By Their Attorneys,

Robert T. Van Uden, III (MSB No. 100130)
Robert T. Higginbotham, Jr. (MSB No. 9369)

OF COUNSEL:

G. Michael Massey (MSB No. 9404)
J. Wilbourn Vise (MSB No. 10135)
MASSEY, HIGGINBOTHAM, VISE & PHILLIPS, P. A.
3003 Lakeland Cove, Suite E
Jackson, Mississippi 39232
Telephone:  (601) 420-2200
Facsimile:  (601) 420-2202