## OFFER TO PURCHASE AND CONTRACT
### This is a legal and binding contract

Thomas and Christine Page _____ as Buyer, hereby offers

to purchase and __Halcyon, LLC_____, as

Seller, upon acceptance of said offer, agrees to sell and convey, all of that plot, piece or parcel of land described below,

together with all improvements located thereon and such fixtures and personal property as are listed below (collectively

referred to as the "Property"), upon the following terms and conditions:

1. REAL PROPERTY: Located in the City of Jackson_____, County of Hinds_____, State of

Mississippi, being known as and more particularly described as: Street Address 3155 Booker Street_____

_____ Zip____39209_____ Legal Description: _____Lot 11 and 13, Block 7 Lynch Street Subdivision, Part

2_____

_____

(□ All  □ A portion of the property in Deed Reference: Book _____, Page No. _____, _____ ___County)

NOTE: Prior to signing this Offer to Purchase and Contract, Buyer is advised to review Restrictive Covenants, if any, which

may limit the use of the Property, and to read the Declaration of Restrictive Covenants, By-Laws, Articles of Incorporation,

Rules and Regulations, and other governing documents of the owners' association and/or the subdivision, if applicable.

2. FIXTURES: The following items, if any, are included in the purchase price free of liens: any built-in appliances, light

fixtures, ceiling fans, attached floor coverings, blinds, shades, drapery rods and curtain rods, brackets and all related

hardware, window and door screens, storm windows, combination doors, awnings, antennas, satellite dishes and receivers,

burglar/fire/smoke alarms, pool and spa equipment, solar energy systems, attached fireplace screens, gas logs, fireplace

inserts, electric garage door openers with controls, outdoor plants and trees (other than in movable containers), basketball

goals, storage sheds, mail boxes, wall and/or door mirrors, and any other items attached or affixed to the Property, EXCEPT

the following items:

_____

_____

3. PERSONAL PROPERTY: The following personal property is included in the purchase price: ___none_____ _____

_____

4. PURCHASE PRICE: The purchase price is $ 20,000.00 _____ and shall be paid

as follows:

(a) $1000.00 _____, EARNEST MONEY DEPOSIT with this offer by □ cash □ personal check ☒ bank check

☒ certified check □ other: _____ to be received no later than 7 days after execution and held in escrow by Zelmart

Welch, Closing Attorney _____("Escrow Agent"), until the sale is closed, at which time it will be credited to

Buyer, or until this contract is otherwise terminated. In the event: (1) this offer is not accepted; or (2) any of the conditions

hereto are not satisfied, then all earnest monies shall be returned to Buyer. In the event of breach of this contract by Seller,



EXHIBIT
"A"

upon Buyer's request, all earnest monies shall be returned to Buyer, but such return shall not affect any other remedies available to Buyer for such breach. In

the event this offer is accepted and Buyer breaches this contract, then all earnest monies shall be forfeited upon Seller's request, but receipt of such forfeited earnest monies shall not affect any other remedies available to Seller for such breach. NOTE: In the event of a dispute between Seller and Buyer over the return or forfeiture of earnest money held in escrow by a broker, the broker is required by state law to retain said earnest money in the broker's trust or escrow account until a written release from the parties consenting to its disposition has been obtained or until disbursement is ordered by a court of competent jurisdiction.

(b) $ _____, ADDITIONAL EARNEST MONEY DEPOSIT to be paid to Escrow Agent, no later than _____, TIME BEING OF THE ESSENCE WITH REGARD TO SAID DATE.

(c) $ _____, BY ASSUMPTION of the unpaid principal balance and all obligations of Seller on the existing loan(s) secured by a deed of trust on the Property in accordance with the attached Loan Assumption Addendum.

(d) $ _____, BY SELLER FINANCING in accordance with the attached Seller Financing Addendum.

(e) $ _____, BALANCE of the purchase price in cash at Closing.

**5. CONDITIONS:** (State N/A in each blank that is not a condition to this contract.)

Buyer shall be responsible for all costs with respect to any loan obtained by Buyer, except if Seller is to pay any of the Buyer's closing costs (including loan discount points), those costs are as follows:

None _____

(b) There must be no restriction, easement, zoning or other governmental regulation that would prevent the reasonable use of the Property for _____

purposes.

(c) The Property must be in substantially the same or better condition at Closing as on the date of this offer, reasonable wear and tear excepted.

(d) All deeds of trust, liens and other charges against the Property, not assumed by Buyer, must be paid and satisfied by Seller prior to or at Closing such that cancellation may be promptly obtained following Closing. Seller shall remain obligated to obtain any such cancellations following Closing.

(e) Title must be delivered at Closing by GENERAL WARRANTY DEED unless otherwise stated herein, and must be fee simple marketable title, free of all encumbrances except: ad valorem taxes for the current year (prorated through the date of Closing); utility easements and unviolated restrictive covenants that do not materially affect the value of the Property; and such other encumbrances as may be assumed or specifically approved by Buyer. The Property must have legal access to a public right of way.



**6. SPECIAL ASSESSMENTS:** Seller warrants that there are no pending or confirmed governmental special assessments for sidewalk, paving, water, sewer, or other improvements on or adjoining the Property, and no pending or confirmed owners' association special assessments, except as follows: None_____

(Insert "None" or the identification of such assessments, if any.) Seller shall pay all owners' association assessments and all governmental assessments confirmed through the time of Closing, if any, and Buyer shall take title subject to all pending assessments, if any, unless otherwise agreed as follows: None_____

**7. PRORATIONS AND ADJUSTMENTS:** Unless otherwise provided, the following items shall be prorated and either adjusted between the parties or paid at Closing: (a) Ad valorem taxes on real property shall be prerated on a calendar year basis through the date of Closing; (b) Ad valorem taxes on personal property for the entire year shall be paid by the Seller unless the personal property is conveyed to the Buyer, in which case, the personal property taxes shall be prorated on a calendar year basis through the date of Closing; (c) All late listing penalties, if any, shall be paid by Seller; (d) Rents, if any, for the Property shall be prorated through the date of Closing; (e) Owners' association dues and other like charges shall be prorated through the date of Closing. Seller represents that the regular owners' association dues, if any, are $ None_____ _____ per __ _____

**8. CLOSING EXPENSES:** Seller shall pay for preparation of a deed and all other documents necessary to perform Seller's obligations under this agreement and for excise tax (revenue stamps) required by law. Buyer shall pay for recording the deed and for preparation and recording of all instruments required to secure the balance of the purchase price unpaid at Closing.

**9. EVIDENCE OF TITLE:** Seller agrees to use his best efforts to deliver to Buyer as soon as reasonably possible after the Effective Date of this contract, copies of all title information in possession of or available to Seller, including but not limited to: title insurance policies, attorney's opinions on title, surveys, covenants, deeds, notes and deeds of trust and easements relating to the Property.

**10. Property Disclosure and Inspections:**

**(a) Property Inspection:** Unless otherwise stated herein, or as otherwise provided on an inspection addendum attached hereto, Buyer shall have the option of inspecting or, obtaining at Buyer's expense, inspections to determine the condition of the Property. Unless otherwise stated herein, it is a condition of this contract that: (i) the built-in appliances, electrical system, plumbing system, heating and cooling systems, roof coverings (including flashing and gutters), doors and windows, exterior surfaces, structural components (including foundations, columns, chimneys, floors, walls, ceilings and roofs), porches and decks, fireplaces and flues, crawl space and attic ventilation systems (if any), water and sewer systems (public and private), shall be performing the function for which intended and shall not be in need of immediate repair; (ii) there shall be no unusual drainage conditions or evidence of excessive moisture adversely affecting the structure(s); and (iii) there shall be no friable asbestos or existing environmental contamination. This contract is subject to a 15 day inspection and approval of the condition of the property prior to closing.  Buyer is advised to have any inspections made prior to incurring expenses for Closing and in sufficient time to permit any required repairs to be completed by Closing.



**(b) Wood-Destroying Insects:** Unless otherwise stated herein, Buyer shall have the option of obtaining, at Buyer's expense, a report from a licensed pest control operator on a standard form in accordance with the regulations of the Mississippi Structural Pest Control Committee, stating that as to all structures except _____

there was no visible evidence of wood destroying insects and containing no indication of visible damage there from. The report must be obtained in sufficient time so as to permit treatment, if any, and repairs, if any, to be completed prior to Closing. All treatment required shall be paid for by Seller and completed prior to Closing, unless otherwise agreed upon in writing by the parties. The Buyer is advised that the inspection report described in this paragraph may not always reveal either structural damage or damage caused by agents or organisms other than wood-destroying insects. If new construction, Seller shall provide a standard warranty of termite soil treatment.

**(c) Repairs:** Pursuant to any inspections in (b) and/or (c) above, if any repairs are necessary, Seller shall have the option of completing them or refusing to complete them. If Seller elects not to complete the repairs, then Buyer shall have the option of accepting the Property in its present condition or terminating this contract, in which case all earnest monies shall be refunded. Unless otherwise stated herein, or as otherwise provided on an inspection addendum attached hereto, any items not covered by (b) (i), b (ii), b (iii) and (c) above are excluded from repair negotiations under this contract.

**(d) warranties:** The property is being sold As-Is with regard to the physical condition of any improvements, Seller is giving no warranties to the BUYER

**(d) Acceptance: CLOSING SHALL CONSTITUTE ACCEPTANCE OF EACH OF THE SYSTEMS, ITEMS AND CONDITIONS LISTED ABOVE IN ITS THEN EXISTING CONDITION UNLESS PROVISION IS OTHERWISE MADE IN WRITING.**

**11. REASONABLE ACCESS:** Seller will provide reasonable access to the Property (including working, existing utilities) through the earlier of Closing or possession by Buyer, to Buyer or Buyer's representatives for the purposes of appraisal, inspection, and/or evaluation. Buyer may conduct a walk-through inspection of the Property prior to Closing.

**12. CLOSING:** Closing shall be defined as the date and time of recording of the deed. All parties agree to execute any and all documents and papers necessary in connection with Closing and transfer of title on or about __15 Sept 2006__. _____, at a place designated by Buyer. The deed is to be made to _____

**13. POSSESSION:** Unless otherwise provided herein, possession shall be delivered at Closing. In the event possession is NOT to be delivered at Closing: ☐ a Buyer Possession Before Closing Agreement is attached. OR, ☐ a Seller Possession after Closing Agreement is attached.

**14. OTHER PROVISIONS AND CONDITIONS:** (ITEMIZE ALL ADDENDA TO THIS CONTRACT AND ATTACH HERETO.)

**15. RISK OF LOSS:** The risk of loss or damage by fire or other casualty prior to Closing shall be upon Seller. If the improvements on the Property are destroyed or materially damaged prior to Closing, Buyer may terminate this contract by written notice delivered to Seller or Seller's agent and all deposits shall be returned to Buyer. In the event Buyer does NOT elect to terminate this contract, Buyer shall be entitled to receive, in addition to the Property, any of the Seller's insurance proceeds payable on account of the damage or destruction applicable to the Property being purchased.

**16. APPRAISAL:** This contract is subject to an acceptable appraisal.

**17. ASSIGNMENTS:** This contract may not be assigned without the written consent of all parties, but if assigned by agreement, then this contract shall be binding on the assignee and his heirs and successors.

**18. PARTIES:** This contract shall be binding upon and shall inure to the benefit of the parties, i.e., Buyer and Seller and their heirs, successors and assigns. As used herein, words in the singular include the plural and the masculine includes the feminine and neuter genders, as appropriate.

**19. SURVIVAL:** If any provision herein contained which by its nature and effect is required to be observed, kept or performed after the Closing, it shall survive the Closing and remain binding upon and for the benefit of the parties hereto until fully observed, kept or performed.

**20. DEFAULT:** In the event of buyer's default the deposit shall be the sole remedy in the event of default.

**21. ENTIRE AGREEMENT:** This contract contains the entire agreement of the parties and there are no representations, inducements or other provisions other than those expressed herein. All changes, additions or deletions hereto must be in writing and signed by all parties. Nothing contained herein shall alter any agreement between a REALTOR® or broker and Seller or Buyer as contained in any listing agreement, buyer agency agreement, or any other agency agreement between them.

**22. NOTICE AND EXECUTION:** Any notice or communication to be given to a party herein may be given to the party or to such party's agent. This offer shall become a binding contract (the "Effective Date") when signed by both Buyer and Seller and such signing is communicated to the offering party. This contract is executed under seal in signed multiple originals, all of which together constitute one and the same instrument, with a signed original being retained by each party and each REALTOR® or broker hereto, and the parties adopt the word "SEAL" beside their signatures below.

IF YOU DO NOT UNDERSTAND THIS OFFER TO PURCHASE AND CONTRACT OR FEEL THAT IT DOES NOT PROVIDE FOR YOUR LEGAL NEEDS, YOU SHOULD CONSULT A REAL ESTATE ATTORNEY BEFORE YOU SIGN IT.

Buyer acknowledges having made an on-site personal examination of the Property prior to the making of this offer.

Date: __8/15/06__                       Date: __8-18-06__

Buyer: _____ (SEAL)        Seller: _____ (SEAL)

Date: __8/15/06__                       Date: __8/18-06__

Buyer: __Chris Fife__ (SEAL)            Seller: _____ (SEAL)

Escrow Agent acknowledges receipt of the earnest money and agrees to hold and disburse the same in accordance with the terms hereof.

Date _____ Firm: _____.

By: _____

Selling Agent/Firm/Phone _____

Acting as ☐ Buyer's Agent ☐ Seller's (sub) Agent ☐ Dual Agent

Listing Agent/Firm/Phone _____

Acting as ☐ Seller's (sub) Agent ☐ Dual Agent

**Page 6 of 6**

*Page 2 of 3*

### OFFER TO PURCHASE AND CONTRACT
#### This is a legal and binding contract

Thomas and Christine Pope _____ as Buyer, hereby offers

to purchase and __ Halcyon, LLC _____ , as

Seller, upon acceptance of said offer, agrees to sell and convey, all of that plot, piece or parcel of land described below,

together with all improvements located thereon and such fixtures and personal property as are listed below (collectively

referred to as the "Property"), upon the following terms and conditions:

**1. REAL PROPERTY:** Located in the City of Jackson _____ , County of Hinds _____, State of

Mississippi, being known as and more particularly described as: Street Address 3151 Booker Street _____

_____ Zip __ 39209 _____. Legal Description: _____ Lot 7 and 9, Block 7 Lynch Street Subdivision, Part 2

_____ _____

_____

[□] All   □ A portion of the property in Deed Reference: Book _____, Page No. _____, _____County)

**NOTE:** Prior to signing this Offer to Purchase and Contract, Buyer is advised to review Restrictive Covenants, if any, which

may limit the use of the Property, and to read the Declaration of Restrictive Covenants, By-Laws, Articles of Incorporation,

Rules and Regulations, and other governing documents of the owners' association and/or the subdivision, if applicable.

**2. FIXTURES:** The following items, if any, are included in the purchase price free of liens: any built-in appliances, light

fixtures, ceiling fans, attached floor coverings, blinds, shades, drapery rods and curtain rods, brackets and all related

hardware, window and door screens, storm windows, combination doors, awnings, antennas, satellite dishes and receivers,

burglar/fire/smoke alarms, pool and spa equipment, solar energy systems, attached fireplace screens, gas logs, fireplace

inserts, electric garage door openers with controls, outdoor plants and trees (other than in movable containers), basketball

goals, storage sheds, mail boxes, wall and/or door mirrors, and any other items attached or affixed to the Property, EXCEPT

the following items:

_____ _____

_____

**3. PERSONAL PROPERTY:** The following personal property is included in the purchase price: __ none _____ _____

_____

**4. PURCHASE PRICE:** The purchase price is $ 20,000.00 _____ and shall be paid

as follows:

(a) $1000.00 _____ EARNEST MONEY DEPOSIT with this offer by □ cash □ personal check ☒ bank check

☒ certified check □ other: _____ to be received no later than 7 days after execution and held in escrow by William

Welch, Closing Attorney _____ _____("Escrow Agent"), until the sale is closed, at which time it will be credited to

Buyer, or until this contract is otherwise terminated. In the event: (1) this offer is not accepted; or (2) any of the conditions

hereto are not satisfied, then all earnest monies shall be returned to Buyer. In the event of breach of this contract by Seller,

upon Buyer's request, all earnest monies shall be returned to Buyer, but such return shall not affect any other remedies available to Buyer for such breach. In

the event this offer is accepted and Buyer breaches this contract, then all earnest monies shall be forfeited upon Seller's request, but receipt of such forfeited earnest monies shall not affect any other remedies available to Seller for such breach. NOTE: In the event of a dispute between Seller and Buyer over the return or forfeiture of earnest money held in escrow by a broker, the broker is required by state law to retain said earnest money in the broker's trust or escrow account until a written release from the parties consenting to its disposition has been obtained or until disbursement is ordered by a court of competent jurisdiction.

(b) $ _____, ADDITIONAL EARNEST MONEY DEPOSIT to be paid to Escrow Agent  no later than _____ TIME BEING OF THE ESSENCE WITH REGARD TO SAID DATE.

(c) $ _____, BY ASSUMPTION of the unpaid principal balance and all obligations of Seller on the existing loan(s) secured by a deed of trust on the Property in accordance with the attached Loan Assumption Addendum.

(d) $ _____, BY SELLER FINANCING in accordance with the attached Seller Financing Addendum.

(e) $ _____, BALANCE of the purchase price in cash at Closing.

**5. CONDITIONS: (State N/A in each blank that is not a condition to this contract.)**

Buyer shall be responsible for all costs with respect to any loan obtained by Buyer, except if Seller is to pay any of the Buyer's closing costs (including loan discount points), those costs are as follows:

None _____

(b) There must be no restriction, easement, zoning or other governmental regulation that would prevent the reasonable use of the Property for _____

purposes.

(c) The Property must be in substantially the same or better condition at Closing as on the date of this offer, reasonable wear and tear excepted.

(d) All deeds of trust, liens and other charges against the Property, not assumed by Buyer, must be paid and satisfied by Seller prior to or at Closing such that cancellation may be promptly obtained following Closing. Seller shall remain obligated to obtain any such cancellations following Closing.

(e) Title must be delivered at Closing by GENERAL WARRANTY DEED unless otherwise stated herein, and must be fee simple marketable title, free of all encumbrances except: ad valorem taxes for the current year (prorated through the date of Closing); utility easements and unviolated restrictive covenants that do not materially affect the value of the Property; and such other encumbrances as may be assumed or specifically approved by Buyer. The Property must have legal access to a public right of way.



**6. SPECIAL ASSESSMENTS:** Seller warrants that there are no pending or confirmed governmental special assessments for sidewalk, paving, water, sewer, or other improvements on or adjoining the Property, and no pending or confirmed owners' association special assessments, except as follows: None_____

(Insert "None" or the identification of such assessments, if any.) Seller shall pay all owners' association assessments and all governmental assessments confirmed through the time of Closing, if any, and Buyer shall take title subject to all pending assessments, if any, unless otherwise agreed as follows: None_____

**7. PRORATIONS AND ADJUSTMENTS:** Unless otherwise provided, the following items shall be prorated and either adjusted between the parties or paid at Closing: (a) Ad valorem taxes on real property shall be prorated on a calendar year basis through the date of Closing; (b) Ad valorem taxes on personal property for the entire year shall be paid by the Seller unless the personal property is conveyed to the Buyer, in which case, the personal property taxes shall be prorated on a calendar year basis through the date of Closing; (c) All late listing penalties, if any, shall be paid by Seller; (d) Rents, if any, for the Property shall be prorated through the date of Closing; (e) Owners' association dues and other like charges shall be prorated through the date of Closing. Seller represents that the regular owners' association dues, if any, are $ None_____ _____ per _____.

**8. CLOSING EXPENSES:** Seller shall pay for preparation of a deed and all other documents necessary to perform Seller's obligations under this agreement and for excise tax (revenue stamps) required by law. Buyer shall pay for recording the deed and for preparation and recording of all instruments required to secure the balance of the purchase price unpaid at Closing.

**9. EVIDENCE OF TITLE:** Seller agrees to use his best efforts to deliver to Buyer as soon as reasonably possible after the Effective Date of this contract, copies of all title information in possession of or available to Seller, including but not limited to: title insurance policies, attorney's opinions on title, surveys, covenants, deeds, notes and deeds of trust and easements relating to the Property.

**10. Property Disclosure and inspections:**

**(a) Property Inspection:** Unless otherwise stated herein, or as otherwise provided on an inspection addendum attached hereto, Buyer shall have the option of inspecting or, obtaining at Buyer's expense, inspections to determine the condition of the Property. Unless otherwise stated herein, it is a condition of this contract that: (i) the built-in appliances, electrical system, plumbing system, heating and cooling systems, roof coverings (including flashing and gutters), doors and windows, exterior surfaces, structural components (including foundations, columns, chimneys, floors, walls, ceilings and roofs), porches and decks, fireplaces and flues, crawl space and attic ventilation systems (if any), water and sewer systems (public and private), shall be performing the function for which intended and shall not be in need of immediate repair; (ii) there shall be no unusual drainage conditions or evidence of excessive moisture adversely affecting the structure(s); and (iii) there shall be no friable asbestos or existing environmental contamination. This contract is subject to a 15 day inspection and approval of the condition of the property prior to closing.  Buyer is advised to have any inspections made prior to incurring expenses for Closing and in sufficient time to permit any required repairs to be completed by Closing.



**(b) Wood-Destroying Insects:** Unless otherwise stated herein, Buyer shall have the option of obtaining, at Buyer's expense, a report from a licensed pest control operator on a standard form in accordance with the regulations of the Mississippi Structural Pest Control Committee, stating that as to all structures except _____

there was no visible evidence of wood-destroying insects and containing no indication of visible damage there from. The report must be obtained in sufficient time so as to permit treatment, if any, and repairs, if any, to be completed prior to Closing. All treatment required shall be paid for by Seller and completed prior to Closing, unless otherwise agreed upon in writing by the parties. The Buyer is advised that the inspection report described in this paragraph may not always reveal either structural damage or damage caused by agents or organisms other than wood-destroying insects. If new construction, Seller shall provide a standard warranty of termite soil treatment.

**(c) Repairs:** Pursuant to any inspections in (b) and/or (c) above, if any repairs are necessary, Seller shall have the option of completing them or refusing to complete them. If Seller elects not to complete the repairs, then Buyer shall have the option of accepting the Property in its present condition or terminating this contract, in which case all earnest monies shall be refunded. Unless otherwise stated herein, or as otherwise provided on an inspection addendum attached hereto, any items not covered by (b) (i), b (ii), b (iii) and (c) above are excluded from repair negotiations under this contract.

**(d) warranties:** The property is being sold As-Is with regard to the physical condition of any improvements, Seller is giving no warranties to the BUYER

**(d) Acceptance: CLOSING SHALL CONSTITUTE ACCEPTANCE OF EACH OF THE SYSTEMS, ITEMS AND CONDITIONS LISTED ABOVE IN ITS THEN EXISTING CONDITION UNLESS PROVISION IS OTHERWISE MADE IN WRITING.**

**11. REASONABLE ACCESS:** Seller will provide reasonable access to the Property (including working, existing utilities) through the earlier of Closing or possession by Buyer, to Buyer or Buyer's representatives for the purposes of appraisal, inspection, and/or evaluation. Buyer may conduct a walk-through inspection of the Property prior to Closing.

**12. CLOSING:** Closing shall be defined as the date and time of recording of the deed. All parties agree to execute any and all documents and papers necessary in connection with Closing and transfer of title on or about __15 Sept 2006___

_____, at a place designated by Buyer. The deed is to be made to _____

_____

**13. POSSESSION:** Unless otherwise provided herein, possession shall be delivered at Closing. In the event possession is NOT to be delivered at Closing: ☐ a Buyer Possession Before Closing Agreement is attached. OR, ☐ a Seller Possession after Closing Agreement is attached.

**14. OTHER PROVISIONS AND CONDITIONS:** (ITEMIZE ALL ADDENDA TO THIS CONTRACT AND ATTACH HERETO.)

**15. RISK OF LOSS:** The risk of loss or damage by fire or other casualty prior to Closing shall be upon Seller. If the improvements on the Property are destroyed or materially damaged prior to Closing, Buyer may terminate this contract by written notice delivered to Seller or Seller's agent and all deposits shall be returned to Buyer. In the event Buyer does NOT elect to terminate this contract, Buyer shall be entitled to receive, in addition to the Property, any of the Seller's insurance proceeds payable on account of the damage or destruction applicable to the Property being purchased.

**Page 4 of 6**

**16. APPRAISAL:** This contract is subject to an acceptable appraisal.

**17. ASSIGNMENTS:** This contract may not be assigned without the written consent of all parties, but if assigned by agreement, then this contract shall be binding on the assignee and his heirs and successors.

**18. PARTIES:** This contract shall be binding upon and shall inure to the benefit of the parties, i.e., Buyer and Seller and their heirs, successors and assigns. As used herein, words in the singular include the plural and the masculine includes the feminine and neuter genders, as appropriate.

**19. SURVIVAL:** If any provision herein contained which by its nature and effect is required to be observed, kept or performed after the Closing, it shall survive the Closing and remain binding upon and for the benefit of the parties hereto until fully observed, kept or performed.

**20. DEFAULT:** In the event of buyer's default the deposit shall be the sole remedy in the event of default.

**21. ENTIRE AGREEMENT:** This contract contains the entire agreement of the parties and there are no representations, inducements or other provisions other than those expressed herein. All changes, additions or deletions hereto must be in writing and signed by all parties. Nothing contained herein shall alter any agreement between a REALTOR® or broker and Seller or Buyer as contained in any listing agreement, buyer agency agreement, or any other agency agreement between them.

**22. NOTICE AND EXECUTION:** Any notice or communication to be given to a party herein may be given to the party or to such party's agent. This offer shall become a binding contract (the "Effective Date") when signed by both Buyer and Seller and such signing is communicated to the offering party. This contract is executed under seal in signed multiple originals, all of which together constitute one and the same instrument, with a signed original being retained by each party and each REALTOR® or broker hereto, and the parties adopt the word "SEAL" beside their signatures below.

IF YOU DO NOT UNDERSTAND THIS OFFER TO PURCHASE AND CONTRACT OR FEEL THAT IT DOES NOT PROVIDE FOR YOUR LEGAL NEEDS, YOU SHOULD CONSULT A REAL ESTATE ATTORNEY BEFORE YOU SIGN IT.

Fn:916-218-6328   To:16019692112 (16019692)

13:18 08/18/06 ESI Pg 12-12

Buyer acknowledges having made an on-site personal examination of the property prior to the making of this offer.

Date: 8/15/06

Buyer: Thomas Pie _____ (SEAL)

Date: 8/15/06

Buyer: Cherh Pope _____ (SEAL)

Date: 8-18-06

Seller: _____ (SEAL)

Date: 8-18-06

Seller: _____ (SEAL)

Escrow Agent acknowledges receipt of the earnest money and agrees to hold and disburse the same in accordance with the terms hereof.

Date: _____ Firm: _____

By: _____

Selling Agent/Firm/Phone _____

Acting as ☐ Buyer's Agent ☐ Seller's (sub) Agent ☐ Dual Agent

Listing Agent/Firm/Phone _____

Acting as ☐ Seller's (sub) Agent ☐ Dual Agent

**Page 6 of 6**

**OFFER TO PURCHASE AND CONTRACT**
This is a legal and binding contract

Thomas and Christine Pope _____, as Buyer, hereby offers

to purchase and _Blaise Property Investments, LLC_____ ,     as

Seller, upon acceptance of said offer, agrees to sell and convey, all of that plot, piece or parcel of land described below,

together with all improvements located thereon and such fixtures and personal property as are listed below (collectively

referred to as the "Property"), upon the following terms and conditions:

**1. REAL PROPERTY:** Located in the City of _Jackson_____, County of _Hinds_____,     State    of

Mississippi, being known as and more particularly described as: Street Address _3151 Booker Street_____

_____ Zip____39209_____. Legal Description:_____ Lot 7 and 9, Block 7 Lynch Street Subdivision, Part 2

_____

([ ] All  [ ] A portion of the property in Deed Reference: Book: _____, Page No. _____, _____County)

**NOTE:** Prior to signing this Offer to Purchase and Contract, Buyer is advised to review Restrictive Covenants, if any, which

may limit the use of the Property, and to read the Declaration of Restrictive Covenants, By Laws, Articles of Incorporation,

Rules and Regulations, and other governing documents of the owners' association and/or the subdivision, if applicable.

**2. FIXTURES:** The following items, if any, are included in the purchase price free of liens: any built-in appliances, light

fixtures, ceiling fans, attached floor coverings, blinds, shades, drapery rods and curtain rods, brackets and all related

hardware, window and door screens, storm windows, combination doors, awnings, antennas, satellite dishes and receivers,

burglar/fire/smoke alarms, pool and spa equipment, solar energy systems, attached fireplace screens, gas logs, fireplace

inserts, electric garage door openers with controls, outdoor plants and trees (other than in movable containers), basketball

goals, storage sheds, mailboxes, wall and/or door mirrors, and any other items attached or affixed to the Property, EXCEPT

the following items:

_____

_____

**3. PERSONAL PROPERTY:** The following personal property is included in the purchase price: ___none_____

_____

**4. PURCHASE PRICE:** The purchase price is $ _120,000.00_____ and shall be paid

as follows:

(a) $_1000.00_____, EARNEST MONEY DEPOSIT with this offer by [ ] cash [ ] personal check [x] bank check

[X] certified check [ ] other: _____ to be received no later than 7 days after execution and held in escrow by _William

Welch, Closing Attorney_____ ("Escrow Agent"), until the sale is closed, at which time it will be credited to

Buyer, or until this contract is otherwise terminated. In the event: (1) this offer is not accepted; or (2) any of the conditions

hereto are not satisfied, then all earnest monies shall be returned to Buyer. In the event of breach of this contract by Seller,

**Page 1 of 6**

upon Buyer's request, all earnest monies shall be returned to Buyer, but such return shall not affect any other remedies available to Buyer for such breach. In

the event this offer is accepted and Buyer breaches this contract, then all earnest monies shall be forfeited upon Seller's request, but receipt of such forfeited earnest monies shall not affect any other remedies available to Seller for such breach. NOTE: In the event of a dispute between Seller and Buyer over the return or forfeiture of earnest money held in escrow by a broker, the broker is required by state law to retain said earnest money in the broker's trust or escrow account until a written release from the parties consenting to its disposition has been obtained or until disbursement is ordered by a court of competent jurisdiction.

(b) $ _____, ADDITIONAL EARNEST MONEY DEPOSIT to be paid to Escrow Agent no later than _____, TIME BEING OF THE ESSENCE WITH REGARD TO SAID DATE.

(c) $ _____, BY ASSUMPTION of the unpaid principal balance and all obligations of Seller on the existing loan(s) secured by a deed of trust on the Property in accordance with the attached Loan Assumption Addendum.

(d) $ _____, BY SELLER FINANCING in accordance with the attached Seller Financing Addendum.

(e) $ _____, BALANCE of the purchase price in cash at Closing.

**5. CONDITIONS:** (State N/A in each blank that is not a condition to this contract.)

Buyer shall be responsible for all costs with respect to any loan obtained by Buyer, except if Seller is to pay any of the Buyer's closing costs (including loan discount points), those costs are as follows:

None _____

(b) There must be no restriction, easement, zoning or other governmental regulation that would prevent the reasonable use of the Property for _____

purposes.

(c) The Property must be in substantially the same or better condition at Closing as on the date of this offer, reasonable wear and tear excepted.

(d) All deeds of trust, liens and other charges against the Property, not assumed by Buyer, must be paid and satisfied by Seller prior to or at Closing such that cancellation may be promptly obtained following Closing. Seller shall remain obligated to obtain any such cancellations following Closing.

(e) Title must be delivered at Closing by GENERAL WARRANTY DEED unless otherwise stated herein, and must be fee simple marketable title, free of all encumbrances except: ad valorem taxes for the current year (prorated through the date of Closing); utility easements and unviolated restrictive covenants that do not materially affect the value of the Property; and such other encumbrances as may be assumed or specifically approved by Buyer. The Property must have legal access to a public right of way.

**6. SPECIAL ASSESSMENTS:** Seller warrants that there are no pending or confirmed governmental special assessments for sidewalk, paving, water, sewer, or other improvements on or adjoining the Property, and no pending or confirmed owners' association special assessments, except as follows: <u>None</u> _____

(Insert "None" or the identification of such assessments, if any.) Seller shall pay all owners' association assessments and all governmental assessments confirmed through the time of Closing, if any, and Buyer shall take title subject to all pending assessments, if any, unless otherwise agreed as follows: <u>None</u> _____

**7. PRORATIONS AND ADJUSTMENTS:** Unless otherwise provided, the following items shall be prorated and either adjusted between the parties or paid at Closing: (a) Ad valorem taxes on real property shall be prorated on a calendar year basis through the date of Closing; (b) Ad valorem taxes on personal property for the entire year shall be paid by the Seller unless the personal property is conveyed to the Buyer, in which case, the personal property taxes shall be prorated on a calendar year basis through the date of Closing; (c) All late listing penalties, if any, shall be paid by Seller; (d) Rents, if any, for the Property shall be prorated through the date of Closing; (e) Owners' association dues and other like charges shall be prorated through the date of Closing. Seller represents that the regular owners' association dues, if any, are $ <u>None</u> _____ _____ per _____ .

**8. CLOSING EXPENSES:** Seller shall pay for preparation of a deed and all other documents necessary to perform Seller's obligations under this agreement and for excise tax (revenue stamps) required by law. Buyer shall pay for recording the deed and for preparation and recording of all instruments required to secure the balance of the purchase price unpaid at Closing.

**9. EVIDENCE OF TITLE:** Seller agrees to use his best efforts to deliver to Buyer as soon as reasonably possible after the Effective Date of this contract, copies of all title information in possession of or available to Seller, including but not limited to: title insurance policies, attorney's opinions on title, surveys, covenants, deeds, notes and deeds of trust and easements relating to the Property.

**10. Property Disclosure and Inspections:**

**(a) Property Inspection:** Unless otherwise stated herein, or as otherwise provided on an inspection addendum attached hereto, Buyer shall have the option of inspecting or, obtaining at Buyer's expense, inspections to determine the condition of the Property. Unless otherwise stated herein, it is a condition of this contract that: (i) the built-in appliances, electrical system, plumbing system, heating and cooling systems, roof coverings (including flashing and gutters), doors and windows, exterior surfaces, structural components (including foundations, columns, chimneys, floors, walls, ceilings and roofs), porches and decks, fireplaces and flues, crawl space and attic ventilation systems (if any), water and sewer systems (public and private), shall be performing the function for which intended and shall not be in need of immediate repair; (ii) there shall be no unusual drainage conditions or evidence of excessive moisture adversely affecting the structure(s); and (iii) there shall be no friable asbestos or existing environmental contamination. This contract is subject to a 15 day inspection and approval of the condition of the property prior to closing. Buyer is advised to have any inspections made prior to incurring expenses for Closing and in sufficient time to permit any required repairs to be completed by Closing.

**(b) Wood-Destroying Insects:** Unless otherwise stated herein, Buyer shall have the option of obtaining, at Buyer's expense, a report from a licensed pest control operator on a standard form in accordance with the regulations of the Mississippi Structural Pest Control Committee, stating that as to all structures except _____

there was no visible evidence of wood-destroying insects and containing no indication of visible damage there from. The report must be obtained in sufficient time so as to permit treatment, if any, and repairs, if any, to be completed prior to Closing. All treatment required shall be paid for by Seller and completed prior to Closing, unless otherwise agreed upon in writing by the parties. The Buyer is advised that the inspection report described in this paragraph may not always reveal either structural damage or damage caused by agents or organisms other than wood-destroying insects. If new construction, Seller shall provide a standard warranty of termite soil treatment.

**(c) Repairs:** Pursuant to any inspections in (b) and/or (c) above, if any repairs are necessary, Seller shall have the option of completing them or refusing to complete them. If Seller elects not to complete the repairs, then Buyer shall have the option of accepting the Property in its present condition or terminating this contract, in which case all earnest monies shall be refunded. Unless otherwise stated herein, or as otherwise provided on an inspection addendum attached hereto, any items not covered by (b) (i), b (ii), b (iii) and (c) above are excluded from repair negotiations under this contract.

**(d) warranties:** The property is being sold As-Is with regard to the physical condition of any improvements, Seller is giving no warranties to the BUYER

**(d) Acceptance: CLOSING SHALL CONSTITUTE ACCEPTANCE OF EACH OF THE SYSTEMS, ITEMS AND CONDITIONS LISTED ABOVE IN ITS THEN EXISTING CONDITION UNLESS PROVISION IS OTHERWISE MADE IN WRITING.**

**11. REASONABLE ACCESS:** Seller will provide reasonable access to the Property (including working, existing utilities) through the earlier of Closing or possession by Buyer, to Buyer or Buyer's representatives for the purposes of appraisal, inspection, and/or evaluation. Buyer may conduct a walk-through inspection of the Property prior to Closing.

**12. CLOSING:** Closing shall be defined as the date and time of recording of the deed. All parties agree to execute any and all documents and papers necessary in connection with Closing and transfer of title on or about ___15 Sept 2006____ _____, at a place designated by Buyer. The deed is to be made to _____ _____.

**13. POSSESSION:** Unless otherwise provided herein, possession shall be delivered at Closing. In the event possession is NOT to be delivered at Closing: ☐ a Buyer Possession Before Closing Agreement is attached. OR, ☐ a Seller Possession after Closing Agreement is attached.

**14. OTHER PROVISIONS AND CONDITIONS:** (ITEMIZE ALL ADDENDA TO THIS CONTRACT AND ATTACH HERETO.)

**15. RISK OF LOSS:** The risk of loss or damage by fire or other casualty prior to Closing shall be upon Seller. If the improvements on the Property are destroyed or materially damaged prior to Closing, Buyer may terminate this contract by written notice delivered to Seller or Seller's agent and all deposits shall be returned to Buyer. In the event Buyer does NOT elect to terminate this contract, Buyer shall be entitled to receive, in addition to the Property, any of the Seller's insurance proceeds payable on account of the damage or destruction applicable to the Property being purchased.

**Page 4 of 6**

**16. APPRAISAL:** This contract is subject to an acceptable appraisal.

**17. ASSIGNMENTS:** This contract may not be assigned without the written consent of all parties, but if assigned by agreement, then this contract shall be binding on the assignee and his heirs and successors.

**18. PARTIES:** This contract shall be binding upon and shall inure to the benefit of the parties, i.e., Buyer and Seller and their heirs, successors and assigns. As used herein, words in the singular include the plural and the masculine includes the feminine and neuter genders, as appropriate.

**19. SURVIVAL:** If any provision herein contained which by its nature and effect is required to be observed, kept or performed after the Closing, it shall survive the Closing and remain binding upon and for the benefit of the parties hereto until fully observed, kept or performed.

**20. DEFAULT:** In the event of buyer's default the deposit shall be the sole remedy in the event of default.

**21. ENTIRE AGREEMENT:** This contract contains the entire agreement of the parties and there are no representations, inducements or other provisions other than those expressed herein. All changes, additions or deletions hereto must I in writing and signed by all parties. Nothing contained herein shall alter any agreement between a REALTOR® or broker and Seller or Buyer as contained in any listing agreement, buyer agency agreement, or any other agency agreement between them.

**22. NOTICE AND EXECUTION:** Any notice or communication to be given to a party herein may be given to the party or to such party's agent. This offer shall become a binding contract (the "Effective Date") when signed by both Buyer and Seller and such signing is communicated to the offering party. This contract is executed under seal in signed multiple originals, all of which together constitute one and the same instrument, with a signed original being retained by each party and each REALTOR® or broker hereto, and the parties adopt the word "SEAL" beside their signatures below.

IF YOU DO NOT UNDERSTAND THIS OFFER TO PURCHASE AND CONTRACT OR FEEL THAT IT DOES NOT PROVIDE FOR YOUR LEGAL NEEDS, YOU SHOULD CONSULT A REAL ESTATE ATTORNEY BEFORE YOU SIGN IT.

Page 5 of 6

**Buyer acknowledges having made an on-site personal examination of the Property prior to the making of this offer.**

Date: _____     Date: _____

Buyer: _____ (SEAL)     Seller: _____(SEAL)

Date: _____     Date: _____

Buyer: _____ (SEAL)     Seller: _____(SEAL)


**Escrow Agent acknowledges receipt of the earnest money and agrees to hold and disburse the same in accordance with the terms hereof.**

Date_____ Firm: _____

By: _____

Selling Agent/Firm/Phone _____

Acting as ☐ Buyer's Agent ☐ Seller's (sub) Agent ☐ Dual Agent

Listing Agent/Firm/Phone _____

Acting as ☐ Seller's (sub) Agent ☐ Dual Agent

### OFFER TO PURCHASE AND CONTRACT
#### This is a legal and binding contract

Thomas and Christine Pope _____ as Buyer, hereby offers

to purchase and _Blaise Property Investments, LLC_ _____ , as

Seller, upon acceptance of said offer, agrees to sell and convey, all of that plot, piece or parcel of land described below,

together with all improvements located thereon and such fixtures and personal property as are listed below (collectively

referred to as the "Property"), upon the following terms and conditions:

**1. REAL PROPERTY:** Located in the City of _Jackson_____,_ County of _Hinds_____,_ State of

Mississippi, being known as and more particularly described as: Street Address _3155 Booker Street_ _____ _____

_____ Zip_ _ _39209_____. Legal Description:_____ _Lot 11 and 13, Block 7 Lynch Street_ Subdivision, Part

2._____

_____

(☐ All  ☐ A portion of the property in Deed Reference: Book _____, Page No. _____, _____County)

**NOTE:** Prior to signing this Offer to Purchase and Contract, Buyer is advised to review Restrictive Covenants, if any, which

may limit the use of the Property, and to read the Declaration of Restrictive Covenants, By-Laws, Articles of Incorporation,

Rules and Regulations, and other governing documents of the owners' association and/or the subdivision, if applicable.

**2. FIXTURES:** The following items, if any, are included in the purchase price free of liens: any built-in appliances, light

fixtures, ceiling fans, attached floor coverings, blinds, shades, drapery rods and curtain rods, brackets and all related

hardware, window and door screens, storm windows, combination doors, awnings, antennas, satellite dishes and receivers,

burglar/fire/smoke alarms, pool and spa equipment, solar energy systems, attached fireplace screens, gas logs, fireplace

inserts, electric garage door openers with controls, outdoor plants and trees (other than in movable containers), basketball

goals, storage sheds, mailboxes, wall and/or door mirrors, and any other items attached or affixed to the Property, EXCEPT

the following items:

_____

_____

**3. PERSONAL PROPERTY:** The following personal property is included in the purchase price: __none_____ _____ _____

_____

**4. PURCHASE PRICE:** The purchase price is $ _120,000.00_____ and shall be paid

as follows:

(a) $_1000.00_ _____, EARNEST MONEY DEPOSIT with this offer by ☐ cash ☐ personal check ☒ bank check

☒ certified check ☐ other: _____ to be received no later then 7 days after execution and held in escrow by _William_

_Welch, Closing Attorney_____("Escrow Agent"), until the sale is closed, at which time it will be credited to

Buyer, or until this contract is otherwise terminated. In the event: (1) this offer is not accepted; or (2) any of the conditions

hereto are not satisfied, then all earnest monies shall be returned to Buyer. In the event of breach of this contract by Seller,

upon Buyer's request, all earnest monies shall be returned to Buyer, but such return shall not affect any other remedies available to Buyer for such breach. In

the event this offer is accepted and Buyer breaches this contract, then all earnest monies shall be forfeited upon Seller's request, but receipt of such forfeited earnest monies shall not affect any other remedies available to Seller for such breach. NOTE: In the event of a dispute between Seller and Buyer over the return or forfeiture of earnest money held in escrow by a broker, the broker is required by state law to retain said earnest money in the broker's trust or escrow account until a written release from the parties consenting to its disposition has been obtained or until disbursement is ordered by a court of competent jurisdiction.

(b) $ _____, ADDITIONAL EARNEST MONEY DEPOSIT to be paid to Escrow Agent no later than _____, TIME BEING OF THE ESSENCE WITH REGARD TO SAID DATE.

(c) $ _____, BY ASSUMPTION of the unpaid principal balance and all obligations of Seller on the existing loan(s) secured by a deed of trust on the Property in accordance with the attached Loan Assumption Addendum.

(d) $ _____, BY SELLER FINANCING in accordance with the attached Seller Financing Addendum.

(e) $ _____, BALANCE of the purchase price in cash at Closing.

**5. CONDITIONS:** (State N/A in each blank that is not a condition to this contract.)

Buyer shall be responsible for all costs with respect to any loan obtained by Buyer, except if Seller is to pay any of the Buyer's closing costs (including loan discount points), those costs are as follows:

None_____

(b) There must be no restriction, easement, zoning or other governmental regulation that would prevent the reasonable use of the Property for _____

purposes.

(c) The Property must be in substantially the same or better condition at Closing as on the date of this offer, reasonable wear and tear excepted.

(d) All deeds of trust, liens and other charges against the Property, not assumed by Buyer, must be paid and satisfied by Seller prior to or at Closing such that cancellation may be promptly obtained following Closing. Seller shall remain obligated to obtain any such cancellations following Closing.

(e) Title must be delivered at Closing by GENERAL WARRANTY DEED unless otherwise stated herein, and must be fee simple marketable title, free of all encumbrances except: ad valorem taxes for the current year (prorated through the date of Closing); utility easements and unviolated restrictive covenants that do not materially affect the value of the Property; and such other encumbrances as may be assumed or specifically approved by Buyer. The Property must have legal access to a public right of way.

**6. SPECIAL ASSESSMENTS:** Seller warrants that there are no pending or confirmed governmental special assessments for sidewalk, paving, water, sewer, or other improvements on or adjoining the Property, and no pending or confirmed owners' association special assessments, except as follows: None _____

(Insert "None" or the identification of such assessments, if any.) Seller shall pay all owners' association assessments and all governmental assessments confirmed through the time of Closing, if any, and Buyer shall take title subject to all pending assessments, if any, unless otherwise agreed as follows: None _____

**7. PRORATIONS AND ADJUSTMENTS:** Unless otherwise provided, the following items shall be prorated and either adjusted between the parties or paid at Closing: (a) Ad valorem taxes on real property shall be prorated on a calendar year basis through the date of Closing; (b) Ad valorem taxes on personal property for the entire year shall be paid by the Seller unless the personal property is conveyed to the Buyer, in which case, the personal property taxes shall be prorated on a calendar year basis through the date of Closing; (c) All late listing penalties, if any, shall be paid by Seller; (d) Rents, if any, for the Property shall be prorated through the date of Closing; (e) Owners' association dues and other like charges shall be prorated through the date of Closing. Seller represents that the regular owners' association dues, if any, are $ None _____ _____ per _____.

**8. CLOSING EXPENSES:** Seller shall pay for preparation of a deed and all other documents necessary to perform Seller's obligations under this agreement and for excise tax (revenue stamps) required by law. Buyer shall pay for recording the deed and for preparation and recording of all instruments required to secure the balance of the purchase price unpaid at Closing.

**9. EVIDENCE OF TITLE:** Seller agrees to use his best efforts to deliver to Buyer as soon as reasonably possible after the Effective Date of this contract, copies of all title information in possession of or available to Seller, including but not limited to: title insurance policies, attorney's opinions on title, surveys, covenants, deeds, notes and deeds of trust and easements relating to the Property.

**10. Property Disclosure and Inspections:**

(a) **Property Inspection:** Unless otherwise stated herein, or as otherwise provided on an inspection addendum attached hereto, Buyer shall have the option of inspecting or, obtaining at Buyer's expense, inspections to determine the condition of the Property. Unless otherwise stated herein, it is a condition of this contract that: (i) the built-in appliances, electrical system, plumbing system, heating and cooling systems, roof coverings (including flashing and gutters), doors and windows, exterior surfaces, structural components (including foundations, columns, chimneys, floors, walls, ceilings and roofs), porches and decks, fireplaces and flues, crawl space and attic ventilation systems (if any), water and sewer systems (public and private), shall be performing the function for which intended and shall not be in need of immediate repair; (ii) there shall be no unusual drainage conditions or evidence of excessive moisture adversely affecting the structure(s); and (iii) there shall be no friable asbestos or existing environmental contamination. This contract is subject to a 15 day inspection and approval of the condition of the property prior to closing.  Buyer is advised to have any inspections made prior to incurring expenses for Closing and in sufficient time to permit any required repairs to be completed by Closing.

**(b) Wood-Destroying Insects:** Unless otherwise stated herein, Buyer shall have the option of obtaining, at Buyer's expense, a report from a licensed pest control operator on a standard form in accordance with the regulations of the Mississippi Structural Pest Control Committee, stating that as to all structures except _____   _____ there was no visible evidence of wood-destroying insects and containing no indication of visible damage there from. The report must be obtained in sufficient time so as to permit treatment, if any, and repairs, if any, to be completed prior to Closing. All treatment required shall be paid for by Seller and completed prior to Closing, unless otherwise agreed upon in writing by the parties. The Buyer is advised that the inspection report described in this paragraph may not always reveal either structural damage or damage caused by agents or organisms other than wood-destroying insects. If new construction, Seller shall provide a standard warranty of termite soil treatment.

**(c) Repairs:** Pursuant to any inspections in (b) and/or (c) above, if any repairs are necessary, Seller shall have the option of completing them or refusing to complete them. If Seller elects not to complete the repairs, then Buyer shall have the option of accepting the Property in its present condition or terminating this contract, in which case all earnest monies shall be refunded. Unless otherwise stated herein, or as otherwise provided on an inspection addendum attached hereto, any items not covered by (b) (i), b (ii), b (iii) and (c) above are excluded from repair negotiations under this contract.

**(d) warranties:** The property is being sold As-Is with regard to the physical condition of any improvements, Seller is giving no warranties to the BUYER

**(d) Acceptance: CLOSING SHALL CONSTITUTE ACCEPTANCE OF EACH OF THE SYSTEMS, ITEMS AND CONDITIONS LISTED ABOVE IN ITS THEN EXISTING CONDITION UNLESS PROVISION IS OTHERWISE MADE IN WRITING.**

**11. REASONABLE ACCESS:** Seller will provide reasonable access to the Property (including working, existing utilities) through the earlier of Closing or possession by Buyer, to Buyer or Buyer's representatives for the purposes of appraisal, inspection, and/or evaluation. Buyer may conduct a walk-through inspection of the Property prior to Closing.

**12. CLOSING:** Closing shall be defined as the date and time of recording of the deed. All parties agree to execute any and all documents and papers necessary in connection with Closing and transfer of title on or about __15 Sept 2006___ _____, at a place designated by Buyer. The deed is to be made to _____ _____

**13. POSSESSION:** Unless otherwise provided herein, possession shall be delivered at Closing. In the event possession is NOT to be delivered at Closing: ☐ a Buyer Possession Before Closing Agreement is attached. OR, ☐ a Seller Possession after Closing Agreement is attached.

**14. OTHER PROVISIONS AND CONDITIONS:** (ITEMIZE ALL ADDENDA TO THIS CONTRACT AND ATTACH HERETO.)

**15. RISK OF LOSS:** The risk of loss or damage by fire or other casualty prior to Closing shall be upon Seller. If the improvements on the Property are destroyed or materially damaged prior to Closing, Buyer may terminate this contract by written notice delivered to Seller or Seller's agent and all deposits shall be returned to Buyer. In the event Buyer does NOT elect to terminate this contract, Buyer shall be entitled to receive, in addition to the Property, any of the Seller's insurance proceeds payable on account of the damage or destruction applicable to the Property being purchased.

**Page 4 of 6**

**16. APPRAISAL:** This contract is subject to an acceptable appraisal.

**17. ASSIGNMENTS:** This contract may not be assigned without the written consent of all parties, but if assigned by agreement, then this contract shall be binding on the assignee and his heirs and successors.

**18. PARTIES:** This contract shall be binding upon and shall inure to the benefit of the parties, i.e., Buyer and Seller and their heirs, successors and assigns. As used herein, words in the singular include the plural and the masculine includes the feminine and neuter genders, as appropriate.

**19. SURVIVAL:** If any provision herein contained which by its nature and effect is required to be observed, kept or performed after the Closing, it shall survive the Closing and remain binding upon and for the benefit of the parties hereto until fully observed, kept or performed.

**20. DEFAULT:** In the event of buyer's default the deposit shall be the sole remedy in the event of default.

**21. ENTIRE AGREEMENT:** This contract contains the entire agreement of the parties and there are no representations, inducements or other provisions other than those expressed herein. All changes, additions or deletions hereto must be in writing and signed by all parties. Nothing contained herein shall alter any agreement between a REALTOR® or broker and Seller or Buyer as contained in any listing agreement, buyer agency agreement, or any other agency agreement between them.

**22. NOTICE AND EXECUTION:** Any notice or communication to be given to a party herein may be given to the party or to such party's agent. This offer shall become a binding contract (the "Effective Date") when signed by both Buyer and Seller and such signing is communicated to the offering party. This contract is executed under seal in signed multiple originals, all of which together constitute one and the same instrument, with a signed original being retained by each party and each REALTOR® or broker hereto, and the parties adopt the word "SEAL" beside their signatures below.

IF YOU DO NOT UNDERSTAND THIS OFFER TO PURCHASE AND CONTRACT OR FEEL THAT IT DOES NOT PROVIDE FOR YOUR LEGAL NEEDS, YOU SHOULD CONSULT A REAL ESTATE ATTORNEY BEFORE YOU SIGN IT.

Buyer acknowledges having made an on-site personal examination of the Property prior to the making of this offer.

Date: _____          Date: _____

Buyer: _____ (SEAL)          Seller: _____(SEAL)

Date: _____          Date: _____

Buyer: _____ ___ (SEAL)          Seller: _____(SEAL)

Escrow Agent acknowledges receipt of the earnest money and agrees to hold and disburse the same in accordance with the terms hereof.

Date___ _____ Firm: _____

By: _____

Selling Agent/Firm/Phone _____

Acting as ☐ Buyer's Agent ☐ Seller's (sub) Agent ☐ Dual Agent

Listing Agent/Firm/Phone _____

Acting as ☐ Seller's (sub) Agent ☐ Dual Agent